# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL CASE NO.  5:10CV23-V

| | |
|---|---|
| **TYLER C. WILFONG,** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

## ORDER WITH REMAND PURSUANT
## TO SENTENCE FOUR OF 42 U.S.C. § 405(g)

The defendant, Michael J. Astrue, has moved this Court, pursuant to sentence four of 42 U.S.C. § 405(g), to enter a judgment reversing the Commissioner's decision with a remand of the cause to the Commissioner for further administrative proceedings.

Upon remand to the Commissioner, the Appeals Council will be instructed to consider whether the medical evidence supports a finding of disability.  If the Appeals Council determines that the medical evidence does *not* support a finding of disability, the case will be remanded to an Administrative Law Judge (ALJ). The ALJ will be directed to obtain medical expert evidence concerning Plaintiff's visual impairments before reevaluating Plaintiff's visual impairments.  The ALJ will then proceed through the sequential evaluation process and, if necessary, obtain vocational expert testimony before issuing a new decision.

Pursuant to the power of this Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. § 405(g), and in light of the Commissioner's request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g), with a remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer,* 509 U.S. 292, 296-97 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 97-98 (1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorney's fees, including any motion for such fees under the Equal Access to Justice Act ("EAJA"). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorney's fees under EAJA in this matter.

Signed: December 29, 2010

Richard L. Voorhees
United States District Judge